IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-31166
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR DEAN COMBS, also known as Dreb Combs,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(95-CR-27-B-M1)
_____

July 18, 1996

(                                    )

Before SMITH, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM[*]:

Defendant-Appellant Arthur Dean Combs ("Combs") challenges the district court's sentencing following his guilty-plea conviction for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Combs raises three issues on appeal: the increase of Combs's offense level for obstruction of justice; the increase of Combs's offense level for reckless endangerment during flight; and the failure to reduce Combs's offense level in accordance with the 1995 amendment to the Sentencing Guidelines in U.S.S.G. § 2D1.1(b)(4).

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1. <u>Obstruction of justice</u>: The PSR provides that while Combs was incarcerated, he wrote at least five letters to his co-defendant, Hugh Robinson ("Robinson"), in an attempt to influence Robinson's answers to, and cooperation with, the Government regarding Combs's criminal activities. In the letters, Combs admitted that he lied to the Government. Despite his contentions that the statements he made in the letters were not material, the facts adopted by the district court indicate that Combs attempted to influence Robinson to provide false information to the Government and that Combs himself intended to, and did, lie to the Government during the investigation of his offense. This conduct comports with that prohibited by 18 U.S.C. § 1512(b). Therefore, we find that the district court did not err in enhancing Combs's offense level for obstruction of justice. *See United States v. Pofahl*, 990 F.2d 1456, 1481-82 (5th Cir.), *cert. denied*, 114 S.Ct. 266, 126 L.Ed.2d 218 and 114 S.Ct. 560, 126 L.Ed.2d 460 (1993).

2. <u>Reckless endangerment during flight</u>: The PSR provides that Drug Enforcement Agents had to run between on-coming automobiles and that "at least one of the four agents came dangerously close to being hit by on-coming traffic" while pursuing Combs across the Interstate. In adopting the facts in the PSR, the district court noted that "[m]erely running across the street does not automatically constitute endangerment to either the general public or to the officers involved," however, the court found that the circumstances presented in this case warranted an increase in Combs's offense level. Section 3C1.2 of the Guidelines requires

2

only a substantial risk of death or serious bodily injury to another person caused by the defendant's attempted flight from law enforcement officers. As the district court correctly found, those requirements were met in Combs's attempted escape across multiple lanes of traffic on the Interstate.

3. <u>1995 Guideline amendment</u>: The Government agrees with Combs that the district court erred when it failed to apply a 1995 Guidelines amendment at sentencing that would have resulted in a two-level reduction in Combs's offense level pursuant to U.S.S.G. § 2D1.1(b)(4). The parties also agree that the error is clearly obvious from the record. Indeed the district court noted in the record after sentencing that it erred in not reducing Combs's offense level pursuant to the 1995 amendment. The court stated that "it is clear in this court's judgment that the court applied the wrong guidelines edition insofar as the applicable sections were concerned, that some type of correction would have to be made by the court either now or subsequent to the appeal being considered by the Fifth Circuit Court of Appeals." The court refrained from resentencing Combs, however, because it questioned its jurisdiction since Combs had already perfected his appeal to this Court. It is undisputed that the error here was clear and obvious at the time of sentencing. Plain err is one that is "clear or obvious, and, at a minimum, contemplates an error which was clear under current law at the time of trial." *United States v. Calverley*, 37 F.3d 160, 162-63 (5th Cir. 1994) (*en banc*), *cert. denied* 115 S.Ct. 1266, 131 L.Ed.2d 145 (1995) (internal quotation

and citation omitted).  "If the forfeited error is 'plain' and 'affect[s] substantial rights,' the Court of Appeals has authority to order correction, but is not required to do so." *United States v. Olano*, 507 U.S. 725, 735 (1993) (quoting FED. R. CRIM. P. 52(b)). The error here affected Combs's substantial rights inasmuch as he was subjected to a greater punishment than that which would have been imposed had the correct version of the Guidelines been used. We find that the district court plainly erred in failing to apply the 1995 version of Section 2D1.1(b)(4) to reduce Combs's offense level at sentencing.  Therefore, we VACATE Combs's sentence and REMAND for resentencing in accordance with the 1995 version of Section 2D1.1(b)(4) of the Guidelines.

VACATED AND REMANDED FOR RESENTENCING.